# John Pierson *vs.* Andrew Steortz.

## *Error to Desmoines.*

The rule which excludes testimony in relation to communications made to counsel, has never been extended further than to embrace disclosures made to practising attorneys for obtaining professional advice.

The exemption must be confined to cases of strict professional intercourse.

To call another "*thieving*" is actionable.

This was an action of trespass on the case for slander. The declaration alleged that the defendant had uttered the following scandalous and opprobrious words of and to the plaintiff, to wit: "*You are a dirty, trifling, thieving puppy; you will steal, and the whole set of you,*" (meaning the said plaintiff and his family relations.) The second count charges the first part of the same words. The third charges the same as the first. The fourth count alleges the defendant to have said, "*I know him from his cradle, he is a thief, and always would steal.*" The fifth charges the words "*he is a thief.*" The defendant pleaded not guilty. Verdict, guilty.

The defendant moved for a new trial for the following reasons:

"FIRST, Because the testimony of William Griffey was improperly admitted to the jury.

"SECOND, Because the court instructed the jury that the plaintiff was entitled to recover for words spoken in the heat of passion, and on account of provocation from the plaintiff, and refuses to instruct them that in such case the plaintiff was entitled only to nominal damages, if any.

"THIRD, Because the court instructed the jury that the words 'you are a dirty, trifling, thieving puppy,' were actionable *per se*.

"FOURTH, Because the evidence did not support and correspond with the allegations in the third and fourth counts—upon which counts the jury found their verdict.

"FIFTH, Because the evidence under the fourth count was as follows: 'In May or June last I was riding with Mr. Pierson, towards Augusta. On our way there Pierson got to talking about what he had lost since he came to this country, and began to talk about losing by Steortz being on his place; and said he is a thief, he had stolen my timber; he always

would steal; he knew him from a boy.' That this evidence does not support said fourth count.

" SIXTH, Because under the third count the evidence was as follows: ' I was in the timber when Pierson came there. Pierson asked who has cut my timber.' Steortz replied to him. Pierson then said ' you are a dirty, trifling, thieving puppy;' and that such evidence does not support the count, and the verdict on this count is contrary to law and evidence.

" SEVENTH, Because after proof that the words were spoken in the heat of passion, or if the defendant had received provocation, if the defendant was speaking of plaintiff's entry and trespass upon his land, that in such case the burden of proof of malice was upon the plaintiff.

" EIGHTH, The verdict was against law and evidence. "

Motion for a new trial overruled; and thereupon the defendant excepts to the opinion of the court.

There was also a motion in arrest of judgment, for the same causes as above. And overruled.

On the trial of the cause before the jury in the District Court, William Griffey was called upon to testify, who stated that he was an acting magistrate, and that he usually did the business of the defendant; that Griffey frequently gave advice and counsel. That Pierson came to him and spoke as follows. And the declarations of Pierson at that time to Griffey were called for by the plaintiff. The defendant objected and his objection was overruled. Whereupon Griffey said " he came into the office and said he had another troublesome case; that Steortz was cutting and stealing his timber. I advised him to let him alone and not sue him at present. "

GRIMES, for the plaintiff in error.

RORER, for the defendant in error.

BY THE COURT, MASON, CHEIF JUSTICE.—The first point raised in this case is in relation to the admissibility of Griffey's testimony. He was an acting magistrate, and usually did the business of the defendant below, and frequently gave advice and counsel. His testimony was thereupon objected to on account of the confidential nature of the communication made to him by Pierson.

The circumstances of the case as above detailed, would not have justified the exclusion of the testimony. The rule of exemption within

which it is sought to include this case, has never, we believe, been extended further than to embrace disclosures made to practising attorneys, for the purpose of obtaining professional advice.  Such a latitude of construction as is now contended for, would operate very prejudicially to the public welfare, by affording to crime most important facilities for its consummation, and in many cases an impenetrable shield against detection.  It would enable malefactors to plot with impunity, to communicate their nefarious designs, or exhibit their enticements without restraint to every person who will state that he is accustomed to give them counsel and advice.  A single glance is sufficient to show the propriety of confining the exemption to cases of strict professional intercourse.

But the testimony of Griffey as detailed in the bill of exceptions was applicable to neither of the counts, on which the defendant was found guilty, and could therefore have had nothing to do with sustaining the action.  At the most it only operated as a circumstance to aggravate the malice of the defendant below, in uttering the actionable words.  They went to the jury with all the accompanying circumstances.  If they believed the words to have been spoken *bona fide*, with the intention of obtaining advice, they did not of course regard them as evidence of malice, and therefore gave them no weight.

Another act of the court below, which forms an alleged ground of error, was the overruling of the motion in arrest of judgment.  If the declaration were sufficient to support the verdict, we see nothing in the reasons on which the motion was founded, nor in the arguments of counsel, which would justify us in interfering with the judgment already rendered.

The third count is that which is regarded as peculiarly defective.— The question of the sufficiency of that count, turns principally upon the fact of whether the words " you are a dirty, trifling, thieving puppy " are actionable in themselves.  It is contended that the words " thieving, " and " thievish " are nearly synonymous.  We think otherwise.  The former implies action, the latter mere propensity.  The mere ungratified inclination to steal, renders one thievish, but he cannot be properly denominated a " thieving puppy " unless practical exercise has been given to that inclination.  To call another a sheep-stealing rogue, has been held actionable, 7. Bac. Abr. 297 ; and we see no substantial distinction between these words and those set forth in the third count.  The circumstances under which the words were spoken, might have been such as to have justified the conclusion that there was no intention to

charge the actual commission of any criminal act, but this is a matter of evidence. The words unexplained, certainly do contain an accusation of theft, sufficient to sustain the count. As to the word "thieving" being qualified by the other words of the same sentence, that is one circumstance proper to be submitted to the jury, from which the full meaning of the defendant below was to be inferred, but would not of themselves justify this court in the conclusion that the words were intended or calculated to convey a different meaning from their plain literal interpretation.

The motion for a new trial, purports to set forth some portions of the evidence given in the court below. The same is also the case with respect to some of the reasons given to sustain the motion in arrest of judgment. We cannot regard that evidence as coming before us in such a shape that we can recognize and act upon it. It is true that when the motions were overruled, exceptions were taken in the regular way, and bills duly signed by the judge who tried the cause. But of what facts are those signatures the proper evidence? Merely that the motions were made, grounded on reasons therein set forth, and that they were overruled. In making motions like these, counsel set forth what reasons they see proper. When overruled they have a right to except, and also to require the judge to sign the bill of exceptions. If that signature is to be a sufficient certificate of the truth of all the statements of the evidence contained in the motion, not only is the rule requiring bills of exceptions to be settled and allowed before the verdict is rendered entirely abrogated, but the counsel excepting may prepare his own bill and then require the court to allow it whether its statements are true or false.

We presume that the evidence as set forth in the motion for a new trial in the present case, is correctly stated. Even with this admission, we see no substantial error in the proceedings below. The judgment rendered in the District Court will therefore be affirmed.